Ex parte José del Valle Sánchez, as attorney in fact of María Josefa Sánchez Díaz, et al., Manuel Pérez Blanco, as attorney in fact of Feliciana Sánchez Díaz, Petitioners and Appellees. Máximo Sánchez Díaz, for himself and as attorney in fact of Emilia Sánchez Díaz, et al., Oppositors and Appellants.

No. 9586. Argued March 1, 1949.—Decided March 11, 1949.

*Juan B. Soto* and *Juan F. Soto* for appellants. *Heriberto Torres Solá* and *María Torres Capó* for appellees.

Mr. Justice Marrero delivered the opinion of the Court.

Ignacio Sánchez Díaz died intestate on May 28, 1947, in the city of Río Piedras. By order of the District Court of San Juan of November 21 of that same year, his legitimate brothers and sisters, Máximo, María Josefa, Emilia, Aquilino, Emilio, Feliciana, and Fermina Sánchez Díaz, all of legal age and residing outside Puerto Rico, with the excep-

tion of Máximo, who is a resident of Fajardo, were declared his sole and universal heirs. A petition filed by the latter, *pro se* and as attorney-in-fact of his sister Emilia, requesting the appointment of a judicial administrator for the estate of the decedent, was denied on December 26 following. On March 19, 1948, José del Valle Sánchez and Manuel Pérez Blanco filed in that same court, the first in his capacity as attorney-in-fact of María Josefa, Emilio, and Aquilino, and the second, as attorney-in-fact of Feliciana, a petition praying that pursuant to the provisions of § 1012 of the Civil Code, 1930 ed., and § 600 of the Code of Civil Procedure, 1933 ed., (§ 67 of the Law of Special Legal Proceedings), a commissioner in partition be appointed to make the inventory, valuation, partition, and award of the properties left at the death of Ignacio Sánchez Díaz. Máximo Sánchez Díaz objected to that petition in the dual representation already indicated, and after a hearing was held, in which evidence was introduced by both parties, the court entered an extensive order granting the petition, decreeing the appointment of the commissioner in partition and stating that it would hear the parties regarding the person to be appointed as such commissioner. Máximo Sánchez Díaz has appealed from that order and in support of his appeal contends that the lower court erred in holding that §§ 60, 61, and 67 of the Law of Special Legal Proceedings (§§ 593, 594, and 600 of the Code of Civil Procedure (1933 ed.)) are not applicable to the facts involved in this case; in holding that §§ 1005, 1006, 1011, and 1012 of the Civil Code, 1930 ed. are applicable, and in holding that it is impossible for the heirs to agree as to the manner of making the partition of the properties constituting the hereditary estate.

It is impossible, however, to discuss the questions raised by the appellants on the merits. This is due to the fact that this Court lacks jurisdiction to take cognizance thereof since it is of the opinion that the order issued by a district court decreeing the appointment of a commissioner

in partition is not appealable. Although the appellees have not moved for the dismissal of the appeal on that ground, since that is a question which deprives us of jurisdiction, the same may be raised *sua sponte* by this Court.

■ In support of our views, we may repeat here *mutatis mutandis* what was stated by this Court in the opinion rendered on February 24, 1949, in *Sampedro v. Fournier, ante*, p. 543, to wit: An appeal is a statutory right and it does not exist in the absence of a statute granting it. The Code of Civil Procedure does not expressly provide that a decision appointing a commissioner in partition is appealable. It is necessary, therefore, to resort to § 295 of the Code of Civil Procedure [1] which establishes the three cases when an appeal may be taken to this Court from judgments or decisions of district courts. Evidently, the decision herein is not covered by any of the cases specifically mentioned in subdivision 3 of said Section. Nor is it comprised in subdivision 2. The question is therefore reduced to a determination of whether said decision is covered by subdivision 1. For this to be so, the decision should be a final judgment or order in an action or special proceeding.

The order decreeing the appointment of a commissioner in partition does not put an end to any controversy. (In

---

[1] "Section 295 of the Code of Civil Procedure. An appeal may be taken to the Supreme Court from a District Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300). ·

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

the case before us the person who is to hold the office of commissioner in partition has not even been appointed.) An order such as the one issued herein is merely the beginning of the proceeding for the partition of the estate of the decedent. That proceeding ends with the order issued by the district court approving the partition or division of the properties, after making therein the legal modifications which it might deem proper. It is only from that final order that, by express provision of § 604 of the Code of Civil Procedure (§ 71 of the Law of Special Legal Proceedings), that any or all of the interested parties may appeal to this Supreme Court, if they do not agree therewith. If the lawmaker had intended to grant the right of appeal to review an order decreeing the appointment of a commissioner in partition, he could have easily done so, as he did in § 604, *supra*, wherein he allowed appeals to be taken from the order approving the partition.

In expressing ourselves in the manner we have done above, we have borne in mind that this Court held in *Labarthe et al.* v. *Neumann*, 23 P.R.R. 641, 643, not without having some doubts regarding that particular, that the order of a district court appointing a commissioner in partition was appealable in accordance with § 295 of the Code of Civil Procedure; and that in *Ex parte Cautiño*, 51 P.R.R. 460, we discussed and decided on the merits the questions raised in an appeal which involved the appointment of a commissioner in partition. In the latter case, however, the attention of the court was not called to the fact of whether or not such order was appealable. The case of *Labarthe et al.* v. *Neumann, supra,* is expressly overruled as to the aforementioned point.

The appeal taken from the order of the lower court decreeing the appointment of a commissioner in partition should be dismissed for want of jurisdiction.